8544

STATE v. BETHUNE.

CONSTITUTIONAL LAW—CAPITAL PUNISHMENT.—Where the statute providing capital punishment by hanging has been changed to electrocution since the commission of a crime and trial of offender, the statute is not unconstitutional or *ex post facto* as to him, when enforced under subsequent sentence authorized by appellate Court.

Before ERNEST GARY, J., Clarendon, January, 1912. Affirmed.

Indictment against Willie Bethune. Defendant appeals.

*Mr. John H. Clifton,* for appellant.

*Solicitor Philip H. Stohl,* contra.

May 13, 1913. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant, Willie Bethune, was convicted of murder and sentenced to death by electrocution. He appeals on the ground that at the time of the commission of the crime and at the time of his trial, the penalty for murder was death by hanging, and that the statute providing for the infliction of the death penalty by electrocution is *ex post facto* and unconstitutional as to him. The question was decided against the contention of appel-

lant by the opinion and judgment of the Court in the *State v. Joe Malloy,* 95 S. C.

It is, therefore, the judgment of the Court that the judgment of the Court of General Sessions be affirmed, and the cause remanded to that Court so that a new day may be set for the execution of the sentence.

Affirmed.

MR. JUSTICE FRASER *disqualified.*

*Writ of error to Supreme Court of the United States has been issued in this case.* R.